GARY R. GOODHEART
Nevada Bar #1203
AMANDA J. COWLEY
Nevada Bar #4578
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89169
Telephone: (702) 862-3300
Facsimile: (702) 737-7705
*Local Counsel for Lead Plaintiff City of Richmond
Retirement System and the Class*

STUART M. GRANT (*Pro Hac Vice*)
MEGAN D. MCINTYRE (*Pro Hac Vice*)
JEFF A. ALMEIDA (*Pro Hac Vice*)
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE 19801
Telephone: (302) 622-7000
Facsimile: (302) 622-7100
*Lead Counsel for Lead Plaintiff City of Richmond
Retirement System and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **IN RE GLOBAL CASH ACCESS HOLDINGS INC. SHAREHOLDER LITIGATION** | **Case No. 2:08-CV-01320-JCM-PAL** |

**DECLARATION OF MEGAN D. MCINTYRE IN SUPPORT OF
LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT,
CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF A PLAN OF
ALLOCATION, AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES**

Megan D. McIntyre, for her declaration pursuant to 28 U.S.C. § 1746, states as follows:

1. I am a director of Grant & Eisenhofer P.A. ("G&E"), counsel to the City of Richmond Retirement System ("Lead Plaintiff"), and the Court-appointed Lead Counsel for the Class in the above-captioned action (the "Action"). I submit this Declaration in support of Lead Plaintiff's Motion for Final Approval Of Proposed Settlement, Certification of a Settlement Class, Approval Of Plan Of Allocation, and an Award of Attorneys' Fees and Expenses.

2. On April 11, 2008, the law firm of Abraham, Fruchter & Twersky, LLP filed a class action complaint in the Southern District of New York on behalf of persons who purchased Global Cash Access Holdings, Inc. ("GCAH") securities pursuant to or traceable to the Company's initial public offering and who continued to hold those shares on November 14, 2007. That case was captioned *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08-CV-3516 (SWK) (S.D.N.Y.).

3. On June 10, 2008, Lead Plaintiff filed its own complaint in the Southern District of New York, on behalf of persons who purchased GCAH securities from September 22, 2005 to November 14, 2007, including purchasers in the initial public offering as well as a secondary offering. That case was captioned *City of Richmond Retirement System v. Global Cash Access Holdings, Inc.*, No. 08-CV-5317 (SWK) (S.D.N.Y.)

4. On June 26, 2008, the late Judge Kram of the Southern District of New York consolidated the *Lowinger* and *City of Richmond* actions, appointed the City of Richmond Retirement System as Lead Plaintiff in the consolidated action, and appointed G&E as Lead Counsel pursuant to the Private Securities Litigation Reform Act. A copy of the order appointing Lead Plaintiff and Lead Counsel is attached hereto as **Exhibit A**.

5. After the consolidated action was transferred to this Court, the defendants filed motions to dismiss the Consolidated Class Action Complaint on a variety of grounds, including that Lead Plaintiff had failed to allege material misstatements or omissions; that Lead Plaintiff's claims were barred by the statute of limitations; that Lead Plaintiff lacked standing; and that the defendants would prevail on a "negative loss causation" defense. This Court denied those motions following briefing and oral argument on June 29, 2009.

6. Subsequently, pursuant to the Scheduling Order and Discovery Plan entered by the Court on September 28, 2009, the parties exchanged written discovery, including interrogatories and document requests, and responses thereto. Lead Plaintiff produced over 5,000 pages of documents to the defendants, and the defendants collectively produced over 650,000 pages of documents in response to Lead Plaintiff's discovery requests.

7. In November 2009, the defendants' counsel took the depositions of Lead Plaintiff's Executive Director, and of a representative of Lead Plaintiff's outside investment manager. In December 2009, G&E took depositions of two GCAH employees with regard to certain issues raised by the defendants' response to Lead Plaintiff's motion for class certification.

8. On December 16, 2009, just two days before the completion of briefing on Lead Plaintiff's motion to certify the class, all parties participated in a mediation in an effort to resolve the Action. David Geronemus, a professional mediator with fifteen years of experience in complex cases, served as the mediator with the consent of all parties. While the mediation session itself did not produce an agreement, the parties kept the lines of communication open. After several subsequent phone calls between myself and defense counsel, as well as calls with the mediator, the parties reached an agreement-in-principle on a settlement on December 23, 2009. The terms of that settlement were formalized in a Memorandum of Understanding dated January 25, 2010, and later in the Stipulation and Agreement of Settlement dated February 17, 2010.

9. Both before and during the mediation, G&E consulted with Lead Plaintiff (through its Executive Director). Lead Plaintiff was kept apprised of the settlement negotiations, and the settlement was agreed to only after being approved by Lead Plaintiff.

10. G&E worked with a damages expert to formulate a plan for the allocation of the settlement proceeds among members of the Class. Because the complaint asserted claims on behalf of all Class members pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, and because that statute contains a formula for the calculation of damages, we used that statutory formula as the basis for the plan of allocation. That formula will be applied to the trading data supplied by each Class member who submits a timely proof of claim, in order to

1 calculate a "Recognized Loss" for that Class member.  Once all Recognized Losses have been
2 calculated, the net settlement fund will be allocated such that each Class member receives a *pro*
3 *rata* share of the fund, based on the percentage that Class member's Recognized Loss bears to
4 the total Recognized Losses of all Class members combined.

5       11.     The proposed plan of allocation was set forth in the notice that was disseminated
6 to members of the Class.  In accordance with the Court's March 17, 2010 order preliminarily
7 approving the settlement, G&E instructed the claims administrator, Analytics, Inc., to mail the
8 notice and a proof of claim form to all Class members who could be identified.  With the
9 assistance of counsel for GCAH, G&E arranged for GCAH's transfer agent to provide the claims
10 administrator with a list of all persons identified on the transfer agent's records as purchasers of
11 GCAH stock during the class period.  Additionally, both G&E and Analytics, Inc. took steps to
12 ensure that brokers and nominees either provided the claims administrator with the names and
13 addresses of beneficial owners of GCAH stock (including investors who purchased shares in
14 GCAH's initial and secondary public offerings), or mailed the notice and proof of claim form
15 directly to those beneficial owners.

16       12.     The notice and proof of claim form, along with the Consolidated Class Action
17 Complaint, the Stipulation and Agreement of Settlement, and the Preliminary Approval Order
18 have also been posted on G&E's website since approximately April 16, 2010.

19       13.     The notice provided for a June 4, 2010 deadline for the submission of objections
20 to the settlement or to the fee request, and for requests for exclusions from the settlement.  I am
21 aware of no objections having been submitted to any aspect of the settlement or fee request, and I
22 am aware of only one request for exclusion.  According to the documentation submitted with the
23 exclusion request, the individual seeking exclusion purchased 100 shares of GCAH stock during
24 the Class Period, which were sold during the Class Period for the same price.

25       14.     I understand that, in accordance with the Class Action Fairness Act, 28 U.S.C. §
26 1715 ("CAFA"), GCAH's counsel gave notice of the settlement to more than seventy-five
27 governmental officials on or about March 1, 2010.  I am not aware of any of these officials
28 expressing any concerns or objections regarding the settlement.

15. With the assistance of our damages expert, we have estimated the maximum possible class-wide damages in the Action to be approximately $190 million. During the mediation process, the defendants vigorously contested this figure, claiming that – if there is any liability at all (which they deny) – our damage estimate must be substantially reduced in order to account for issues of, *inter alia*, causation, traceability, the possibility that Class members with standing to assert § 12(a)(2) claims sold their shares prior to the price decline, and the fact that GCAH's stock price recovered somewhat following the end of the Class Period. Applying discounts for these and other factors, the defendants estimated the class-wide damages, if any, to be in the seven-figure or low eight-figure range.

16. At the outset of this Action, G&E and Lead Plaintiff negotiated a fee agreement providing that, if appointed Lead Counsel, G&E would undertake the representation on a contingent fee basis. The fee agreement provided for certain fee percentages that G&E would request, and Lead Plaintiff would support, depending upon the amount of the recovery achieved for the class. If no recovery was achieved, G&E would receive no compensation for its efforts in the Action, and no reimbursement of expenses. For a recovery in the range that was ultimately agreed to in the settlement, Lead Plaintiff and G&E agreed to a fee percentage of 18%, plus reimbursement of expenses.

17. In accordance with the fee agreement, G&E seeks to recover $1,057,500 in attorneys fees (18% of the $5,875,000 in settlement proceeds), to be paid from the settlement proceeds, as compensation for the services G&E has provided to the Class. G&E believes that the request is reasonable given the positive results achieved and the time and effort expended by Lead Counsel to achieve those results. Specifically, according to G&E's accounting records, G&E's attorneys and paralegals have spent 3,255.40 hours on this matter through June 6, 2010 – a figure that does not include time that will be spent after that date in connection with the settlement approval hearing and the continuing administration of the settlement. At the normal hourly rates that G&E currently charges for its professionals' time, the lodestar for these 3,255.40 hours is $1,502,682.85, consisting of $1,420,839.27 for attorneys' time and $81,843.58

for paralegal time.  Accordingly, G&E's request for attorneys' fees of $1,057,500 represents a substantial discount to G&E's lodestar.

18. Attached as **Exhibit B** is a summary of the time spent by each attorney and paralegal at G&E, identifying the number of hours and billing rate for each.  G&E prepared this schedule based upon the contemporaneous daily time records regularly maintained by its attorneys and paralegals, which can be made available at the request of the Court.  The hourly rates for the attorneys and paralegals reflected in Exhibit B are the regular current rates charged for their services by G&E in non-contingent matters.  For those individuals no longer employed by G&E, the rates are those that were in effect at the time of their departure from the firm.

19. The 3,255.40 hours spent on this matter by G&E were spent on, *inter alia*, factual and legal research for purposes of preparing the *City of Richmond* complaint and the subsequent Consolidated Class Action Amended Complaint, including review of GCAH's filings with the Securities and Exchange Commission and other public statements by or regarding GCAH; research and briefing regarding the defendants' motion to transfer venue, the defendants' motions to dismiss, and Lead Plaintiff's motion for class certification; briefing and argument regarding the defendants' motion to consolidate the Action with a derivative action; negotiation of discovery and briefing schedules with defense counsel; preparation of discovery requests and responses; preparation of third party subpoenas; collection and production of documentary discovery; consultation with counsel for Lead Plaintiff's investment manager regarding discovery; review of documents produced by the defendants; communications with defense counsel regarding deficiencies in discovery responses; preparing for, taking, and defending depositions; working with a damages expert; preparing a detailed mediation statement; participating in the mediation and subsequent settlement negotiations; drafting and negotiating the Memorandum of Understanding, Settlement Agreement, and exhibits to the Settlement Agreement; consultation with the claims administrator to ensure compliance with the Preliminary Approval Order; preparing briefs in support of preliminary approval and final approval of the settlement; and consultations with Lead Plaintiff on various matters throughout the litigation.

20. G&E's lodestar figures do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in G&E's billing rates. As detailed in **Exhibit B**, G&E has incurred a total of $128,941.39 in unreimbursed expenses in connection with the prosecution of the Action during the Time Period. These expenses include such items as mediation fees, duplication costs, filing fees, postage, travel expenses, and on-line legal research charges.

21. G&E has agreed to pay a portion of any attorneys' fee award in this case to the law firm of Abraham, Fruchter & Twersky, LLP, as compensation for that firm's efforts and contributions to the litigation. Accordingly, our motion for attorneys' fees includes the hours expended by that firm. Attached as **Exhibit C** is a Declaration of Jeffrey Abraham, attesting to his firm's hours, lodestar, and expenses.

22. G&E has extensive experience representing plaintiffs in securities class actions, acting as lead counsel in some of the largest securities class actions in history, including *In re Tyco International, Ltd., Securities Litigation*, obtaining a $2.975 billion settlement (the single largest payment from any corporate defendant in the history of securities class actions); *In re Global Crossing Ltd. Securities Litigation*, obtaining a $448 million settlement; *In re Royal Dutch/Shell Transport Securities Litigation*, obtaining a settlement valued at approximately $450 million; and *In re Marsh & McLennan Securities Litigation*, obtaining a $400 million settlement. In addition, G&E has been named as one of the top firms for shareholder recovery by RiskMetrics Group and has earned a place in The National Law Journal's Plaintiffs' Hot List Hall of Fame and is listed as one of America's Leading Business Lawyers by Chambers and Partners for "command[ing] respect for its representation of institutional investors in shareholder and derivative actions, and in federal securities fraud litigation." Attached hereto as **Exhibit D** is a copy of G&E's firm resume.

23. Attached as **Exhibit E** is a list of GCAH's historical stock prices from the beginning of the class period through June 8, 2010, obtained from Bloomberg.com.

24. Attached hereto as **Exhibit F** is GCAH's Form 10-Q filing for the quarter ended March 31, 2010.

1  25. Attached hereto as **Exhibit G** is a copy of Securities Class Action Settlements: 2007 Review and Analysis (Cornerstone Research).

26. Attached hereto as **Exhibit H** is a copy of, Securities Class Action Settlements: 2008 Review and Analysis (Cornerstone Research).

27. Attached hereto as **Exhibit I** is a copy of Securities Class Action Settlements: 2009 Review and Analysis (Cornerstone Research).

DATED: June 9, 2010         BY:  /s/ *Megan D. McIntyre*
                                 MEGAN D. MCINTYRE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Declaration of Megan D. McIntyre in Support of Lead Plaintiff's Motion for Final Approval of Settlement, Certification of a Settlement Class, Approval of a Plan of Allocation, and An Award of Attorneys' Fees and Expenses** was served on June 9, 2010, via electronic service upon all persons registered to receive service through the Court's electronic filing system in this action.

Dated:  June 9, 2010                         /s/ *Megan D. McIntyre*
                                                              Megan D. McIntyre