UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE GLOBAL CASH ACCESS HOLDINGS INC. SECURITIES LITIGATION | Case No.: 2:08-CV-01320-JCM-PAL |

**FINAL ORDER AND JUDGMENT**

WHEREAS, this federal securities class action (the "Action") came on for a Fairness Hearing on a proposed settlement (the "Settlement"), and the issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED:**

1. Except as otherwise defined herein, all capitalized terms used herein shall have the same meanings as are ascribed to them in the Stipulation and Agreement of Settlement dated February 17, 2010 (the "Settlement Agreement").

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action as against the Defendants.

4. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

5. The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for the reasons set out in

the Preliminary Approval Order.  The Court therefore finally certifies the Class for settlement purposes only consisting of all persons and entities who purchased or otherwise acquired Global Cash Access Holdings, Inc. ("GCAH") common stock from September 22, 2005 through November 14, 2007, inclusive (the "Class Period"); provided, however, that the Class excludes (1) the Defendants; (2) members of the immediate family of each of the Defendants; (3) the subsidiaries and affiliates of GCAH; (4) any person or entity who is, or was during the Class Period, a partner, officer, executive, director or employee of GCAH, or a partner, officer, executive or director of any of the other Defendants; (5) any entity in which any of the Defendants has a majority interest; (6) the legal representatives, heirs, successors or assigns of any of the excluded persons or entities specified in this paragraph; and (7) the insurance carriers who provide directors' and officers' liability insurance to GCAH and/or any of the Defendants related to the claims in the Action.  Also excluded from the Class are the persons and/or entities who submitted timely and valid requests for exclusion from the Class, as listed on Exhibit 1 annexed hereto.

6.      The Court finds that Lead Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4), and Lead Plaintiff is hereby certified as Class representative for purposes of the Settlement only.

7.      Notice of the pendency of this Action as a class action, of the proposed Settlement, of the request for certification of the Class, of Class Counsel's request for an award of attorneys' fees and expenses, and of Lead Plaintiff's request for reimbursement of costs and expenses, was given to all persons or entities reasonably identifiable who purchased or acquired GCAH common stock during the Class Period, except those persons or entities excluded from the definition of the Class, as shown by the records of GCAH's transfer agent and of the

Underwriter Defendants, at the respective addresses set forth in such records. A summary notice substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the National Circuit of *Business Wire* pursuant to the specifications of the Court. The Court finds that the form, content, and method of dissemination of the notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceeds, of the proposed Settlement, of the terms and conditions set forth in the Settlement Agreement, and of the application for attorneys' fees and expenses, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, Constitutional due process, and any other applicable law.

8. Subject only to the provisions of paragraph 16 below, the Action is hereby dismissed with prejudice, with each party to bear its own costs, except as expressly provided in the Settlement Agreement.

9. Subject only to the provisions of paragraph 16 below, by operation of this judgment, Lead Plaintiff and all Class members are deemed to have absolutely and unconditionally released and forever discharged the Released Defendant Parties from all Released Claims, and are forever barred and enjoined from commencing, instituting or maintaining any Released Claims against any Released Defendant Parties in any action in this or any other forum.

10. Subject only to the provisions of paragraph 16 below, by operation of this judgment, the Defendants are deemed to have absolutely and unconditionally released and forever discharged the Released Plaintiff Parties from all Released Defendants' Claims, and are

forever barred and enjoined from commencing, instituting or maintaining any Released Defendants' Claims against any Released Plaintiff Parties in any action in this or any other forum.

11. The Court hereby approves the Plan of Allocation as fair and reasonable, and Class Counsel and the Claims Administrator are directed to administer the Settlement in accordance with its terms and provisions.

12. The Court has reviewed the petition for attorneys' fees, costs and expenses filed by Class Counsel and hereby awards Class Counsel __18__ % of the Settlement Amount ($__1,057,500.00__) in attorneys' fees, which sum the Court finds to be fair and reasonable, and $__129,904.39__ in reimbursement of costs and expenses, which amounts shall be paid to Class Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance or administration of the Settlement Agreement, or any challenges to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Final Order and Judgment, the Plan of Allocation, or the Settlement Agreement.

15. In accordance with Section 4(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and applicable case law, the Defendants are by virtue of the Settlement hereby released and discharged from all claims for contribution that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law, based upon, arising out of,

relating to, or in connection with the Released Claims. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Defendants; and (b) by the Defendants against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Settlement and this Final Order and Judgment; provided, however, that nothing herein shall be deemed to bar, waive, or release any rights or obligations relating to the IPO and Secondary Offering between or among the Underwriter Defendants and GCAH, whether by way of contribution, indemnity or otherwise.

16. In the event that the Settlement Agreement is terminated in accordance with its terms, or this Final Order and Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and (ii) the Action shall proceed as provided in the Settlement Agreement.

17. Neither the Settlement Agreement, the Settlement contained therein, the negotiation nor any proceeding or document executed pursuant to or in furtherance thereof, (i) is or shall be construed as, an admission of, or evidence of, the truth of any allegation or of any liability or the validity (or lack thereof) of any claim or defense on the part of any party in any respect, or (ii) is or shall be admissible in any action or proceeding for any reason, other than an action or proceeding to enforce the terms of the Settlement or of this Final Order and Judgment.

**SO ORDERED** this 25th day of June, 2010.

_____
Honorable James C. Mahan
United States District Court Judge

## **Exhibit 1**

Mr. & Mrs. Jon Kayyem

-7-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Proposed Final Order and Judgment** was served on June 9, 2010, via electronic service upon all persons registered to receive service through the Court's electronic filing system in this action.


Dated:  June 9, 2010                              /s/ *Megan D. McIntyre*                    
                                                  Megan D. McIntyre