UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE GLOBAL CASH ACCESS HOLDINGS INC. SHAREHOLDER LITIGATION | Case No. 2:08-CV-01320-JCM-PAL<br><br>**ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND** |

This matter having come before the court on the lead plaintiff's motion for approval of the distribution of the net settlement fund, and the court having been fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The motion is granted in its entirety;

2. The court hereby approves the administrative recommendation by Analytics, Inc. (the "claims administrator") to accept the claims where valid and timely proofs of claim were filed, as set forth on exhibit G to the affidavit of Richard W. Simmons in support of plaintiff's motion for approval of distribution plan (the "Simmons affidavit");

3. The court hereby approves the administrative recommendation of the claims administrator to reject the claims that are wholly ineligible to participate in the settlement or otherwise involved deficient proofs of claim, as set forth on exhibit I to the Simmons affidavit;

4. The court hereby authorizes the claims administrator to accept otherwise eligible claims that were submitted after the July 24, 2010 deadline and that are listed on exhibit H to the Simmons affidavit and to treat such claimants as authorized claimants, and to reject as untimely all proofs of claim submitted after July 24, 2010 that are not listed on exhibit H to the Simmons affidavit;

5. The court hereby authorizes distribution of the net settlement fund to authorized claimants in accordance with the plan of allocation, on a *pro rata* basis based on the amounts of

their "recognized claims" as calculated by the claims administrator and as set forth on exhibits G and H to the Simmons affidavit, except that no distributions shall be made to authorized claimants whose recognized claims are less then $10.00;

6. Authorized claimants who do not cash their initial distribution checks within the time allotted will irrevocably forfeit all recovery from the settlements, and the funds allocated to all such stale-dated checks will be available for re-distribution to other authorized claimants in accordance with the plan of allocation;

7. The court hereby approves payment to the claims administrator out of the net settlement fund of $85,532.00, which represents the remaining balance of fees and expenses that the claims administrator has incurred and expects to incur through the conclusion of the claims administration and distribution. Payment of such fees and expenses shall be subject to review and approval of the invoices by the lead plaintiff's counsel;

8. The court hereby authorizes the destruction of the paper copies of the proofs of claim and all supporting documentation one year after the initial distribution of the net settlement fund, and the destruction of electronic copies of the claims records three years after the final distribution of the net settlement fund; and

9. The court retains jurisdiction to consider any further applications concerning the administration of the settlement, and to grant such other and further relief as this court deems appropriate.

DATED: May 18, 2011

_____
HON. JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE